

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JUN 2 2 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 04 C 7247 |
| v. | Hon. Harry D. Leinenweber |
| ROBERT VOLTL, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Robert Voltl's Habeas Corpus Petition to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the following reasons, Voltl's Petition is denied.

### I. INTRODUCTION

On July 24, 2000, a Grand Jury returned a multi-count mail and wire fraud indictment against twenty defendants, including Voltl. In May 2001, a jury found Voltl guilty of eight counts of mail fraud and four counts of wire fraud. Voltl, an attorney, played a key role in an elaborate real estate "flip" scheme that fraudulently caused lenders to issue inflated mortgage loans on at least eighty Chicago-area properties in an amount exceeding $10 million.

For sentencing and appeal, Voltl hired new counsel, James Marcus, and began providing information to government agents on

matters both connected and unconnected to his fraud conviction. The government did not promise that Voltl would receive sentencing relief for his cooperation; however, it outlined the provisions of Rule 35, which permit a court to reduce a sentence if the defendant "provided substantial assistance in investigating or prosecuting another person." FED. R. CRIM. PRO. 35(b)(1)(A).

In June 2003, the Court sentenced Voltl to 60 months imprisonment. Voltl appealed the Court's sentencing order, with James Marcus filing his notice of appeal on June 23, 2003. Before briefing, counsel filed a Motion to Dismiss his appeal on November 7, 2003, which the Seventh Circuit granted on November 10, 2003.

On November 9, 2004, Voltl timely filed this Habeas Petition. The Petition alleges two grounds on which to vacate his sentence: (1) he was denied effective assistance of counsel when Marcus advised him to abandon his appeal in hopes of improving his chance of obtaining a Rule 35 sentence reduction; and (2) under *Booker*, his sentence should be vacated because the district court judge enhanced it based on facts that the jury did not find beyond a reasonable doubt.

## II. **DISCUSSION**

Section 2255 provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the ground that his sentence was imposed in violation

of the Constitution or the laws of the United States. To receive relief under § 2255, a petitioner must demonstrate a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

## A. Ineffective Assistance of Counsel

Under the Sixth Amendment, criminal defendants have a constitutional right to effective assistance of counsel, which extends to direct appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 394 (1985). The Court will find ineffective assistance of counsel only when a petitioner satisfies both elements of *Strickland*'s two-prong test. First, a petitioner must demonstrate that his "attorney's representation fell below an objective standard of reasonableness, and second, that there is a reasonable probability that but for his attorney's unprofessional errors, the results of the proceeding would have been different." *U.S. v. Arvanitis*, 902 F.2d 489, 494 (7th Cir. 1990) (citing *Strickland*, 466 U.S. at 687-88). The Court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The standard for ineffective assistance of appellate counsel does not require the attorney "to raise every 'colorable' issue suggested by a client," *Jones v. Barnes*, 463 U.S. 745, 754 (1983), but counsel must play "the role

of an active advocate in behalf of his client." *Anders v. California*, 386 U.S. 738, 744 (1967).

Voltl alleges ineffective assistance of appellate counsel because his lawyer advised him to dismiss his appeal so as to increase his chance of receiving a Rule 35 sentence reduction. The affidavit of Assistant United States Attorney Patrick M. Collins contradicts Voltl's account of his appellate counsel's allegedly deceptive advice. (*See* Collins Aff. ¶¶ 4, 6). In light of this factual quarrel, Voltl claims that, at minimum, he is entitled to an evidentiary hearing on the issue of whether his counsel misled him into relinquishing his appeal. Nevertheless, a denial of an evidentiary hearing may be particularly appropriate when, as here, the judge who presides over the § 2255 Motion also presided over the prisoner's trial and sentencing. *See Rodriguez v. United States*, 286 F.3d 972, 987 (7th Cir. 2002). It is not entirely clear what relief Voltl is requesting on this claim. Regardless, the disposition of Voltl's Petition does not turn on resolving the factual dispute and therefore an evidentiary hearing is unnecessary. Instead, Marcus' alleged putative abandonment of Voltl's appeal serves as potential cause to avoid the § 2255 procedural bar for Voltl's failure to exhaust all remedies on direct appeal. *See Wainwright v. Sykes*, 433 U.S. 72, 84 (1977).

Voltl's affidavit identifies three issues that he contemplated raising on appeal: severance from a co-defendant, ineffective

assistance of trial counsel, and forfeiture. (Voltl Aff. ¶ 5). None of these issues afforded a meritorious ground for appeal. First, Voltl's severance argument fails considering the overwhelming facts connecting him to his co-defendant and the strong presumption in favor of joint trials. *See United States v. Echeles*, 352 F.2d 892, 896 (7th Cir. 1965).

Second, several facts in the record indicate that Voltl's generalized ineffective assistance of trial counsel claim was likewise meritless. Voltl's trial counsel was well-qualified. Additionally, the evidence supporting the government's case against Voltl was compelling as evidenced by the jury's guilty verdict on all counts against him. Above all, Voltl is an attorney who both testified in his own defense and played an active role in the defense strategy. Even if Voltl's trial counsel committed errors, assistance of counsel is not constitutionally deficient when the lawyer's mistakes do not undermine confidence in the accuracy of the verdict. *See Holman v. Page*, 95 F.3d 481, 490 (1996).

Finally, Voltl's affidavit asserts that the most critical appellate issue he wished to pursue was forfeiture. (Voltl Aff. ¶¶ 5,7.) However, this issue is moot because the Court's forfeiture order was not final at the time of Voltl's original appeal. (*See* Case No. 00 CR 586-1, 5/16/03 "Preliminary Order of Forfeiture"). In fact, Voltl now has a pending Notice of Appeal in the Seventh Circuit, filed on May 5, 2005, concerning the Court's

April 26, 2005 ruling for "Partial Final Order of Forfeiture." Therefore, the forfeiture issue awaits resolution on direct appeal.

### B. Sentence Enhancement

Voltl argues that his sentence was unconstitutionally enhanced on the basis of certain facts that the jury did not find beyond a reasonable doubt. Voltl bases this claim on the Supreme Court's recent decision in *United States v. Booker*, 125 S. Ct. 738, 755-57 (2005) (holding that mandatory application of the United States Sentencing Guidelines violated the Sixth Amendment's guarantee that juries find facts relevant to sentencing).

Voltl's *Booker* claim lacks merit because the Seventh Circuit recently held that "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). In light of *McReynolds*, Voltl's second ground for obtaining sentencing relief fails.

### III. CONCLUSION

For the reasons stated herein, Defendant Robert Voltl's Habeas Corpus Petition to Vacate, Set Aside, or Correct Sentence is **DENIED**.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: June 22, 2005